BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 13-MC-24 |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $37,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On September 25, 2012, inspectors with the United States Postal Inspection Service ("USPIS") removed an Express Mail parcel from the mail stream because it met initial suspicious characteristics.  On September 26, 2013, the inspectors seized Approximately $37,000.00 in U.S. Currency (hereafter "defendant currency") that was found inside the package.  The USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 21, 2012, the USPIS received a claim from James M. Drake asserting an ownership interest in the defendant currency.

2.  The United States represents that it could show at a forfeiture trial that on September 25, 2012, USPIS inspectors removed Express Mail parcel #EG870737766US

1

from the mail stream because it met initial suspicious characteristics including that it was hand written addressed to J. Drake, P.O. Box 21, Forest Ranch, CA 95942 with a return address of DB Audio, 619 NE 9th Street, Gainesville, FL 32601, however the parcel did not contain a business account number on the label.

3. The United States could further show at trial that this parcel was placed in a separate location along with other Express Mail parcels and a drug dog positively alerted to the presence of the odor of narcotics on the package.

4. The United States could further show at trial that inspectors obtained a federal search warrant to open this parcel. They found a black heat-sealed plastic bag containing a second heat-sealed plastic bag. Within the second bag was a third heat-sealed bag containing the defendant currency in four bundles secured with rubber bands.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained above, James M. Drake specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, James M. Drake agrees that an adequate factual basis exists to support the forfeiture of the defendant currency. James M. Drake hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, James M. Drake shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

Consent Judgment of Forfeiture

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. Upon entry of this Consent Judgment of Forfeiture, $29,000.00 of the $37,000.00 in U.S. Currency, together with any interest that may have accrued on the entire amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,000.00 of the $37,000.00 in U.S. Currency shall be returned to potential claimant James M. Drake through attorney Robert W. MacKenzie.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

14. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and

///

///

410(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

**Date:  3/20/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: 3/2/13

_____
United States District Court Judge

4

Consent Judgment of Forfeiture